Okey, J.
Plaintiffs in error concede that Lee was not-the owner of a homestead. And we are led to the same conclusion, not because one who owns a college building- and resides therein with his family, may not be regarded as the owner of a homestead, at least as to the part occupied by him, even if the building is actually in use for college purposes (Freeman on Executions, sec. 244), but for the reason that Lee had sold and conveyed the lot and building to another. He still resided in the building, and he had, it appears, a right of repurchase, though there is conflict in the evidence whether the time in which that right could be exercised had not elapsed. However that may be, he could not, under the circumstances of this case, be regarded as the owner of a homestead. Colwell v. Carper, 15 Ohio St. 279.
The question is whether, after the costs and mortgage-debt were paid, Mrs. Lee was entitled to the residue, in lieu of a homestead, under the eighth section of the homestead law of 1850, 48 v. 29, 2 S. & C. 1145, as amended in 1858, 1809, and 1873, 55 v. 22; 66 v. 49; 70 v. 51. It will be observed there was some irregularity in numbering the sec *450 tions, but section three in the acts of 1869 and 1873, is section eight of the original act as amended. The'section in the last mentioned act is as follows: “ That it shall be lawful for any resident of Ohio, being the head of a family and not the owner of a homestead, to hold exempt from levy and sale as aforesaid, personal or real property, to be selected by such person, his wife, agent, or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property by law exempt; the value of said property to be estimated and appraised by two disinterested householders of the county, to be selected by the officer holding the execution, who .shall be sworn by such officer impartially to make such appraisement.” 70 v. 51.
Manifestly the case is not within the words of this pro-1 -vision. They are that the selection shall be made “ at any ■time before sale.” But there was no opportunity to make the selection before sale. The mortgage embraced the five lots and the order was to sell all, and after the payment of •costs, apply the proceeds first to the satisfaction of the ■mortgage debt. Until .that debt was satisfied, there was no right to any exemption. "When that debt was satisfied, we think there was such right. JEquitas sequitur legem. A •court of equity will adopt and follow the analogies furnished by the law, which is here, in terms, only applicable to selections made previous to sales on execution. Comer v. Dodson, 22 Ohio St. 615. Any other construction would ■enable creditors, where the estate is incumbered by judgment liens merely, to file a creditor’s petition to marshal the liens and sell, and thus deprive the debtor of the exemption to which he would be entitled in the proceeding to sell on execution at law.
The fact that Lee owns land in Kansas does not affect the right to the exemption. It is not a homestead, for Lee is domiciled here; nor has any claim been made that it is •exempt. The judgment creditors are not deprived of the right to proceed against it. Nor can it make any difference that previous to the sale, an order had been made that *451 the proceeds of the sale should be applied first in payment of •costs, then in satisfaction of the mortgage debt, and then in satisfaction of .the judgment. The decree in that respect was within control of the court until there was actual distribution.
In holding that this claim for exemption ought to be allowed we follow, moreover, the well settled rule, that the •statutes on this subject should be liberally construed in favor of the claimant. Sears v. Hanks, 14 Ohio St. 298, 301. Whether the same right might be enforced, in a similar case, under the amendments of 1858 and 1869, according to which the selection was to be made out of “ personal property,” we need not determine. That perhaps would depend on the character impressed on the surplus, after satisfying the claims against which the exemption could not be claimed; that is, whether for this purpose it would be regarded as real or personal property. See Comer v. Dodson, supra.

Motion overruled.